IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al* [1]<br><br>Debtors. | Chapter 7<br>Bankruptcy Case No. 24-11442-MFW<br>Bankr. BAP No. 25-0003<br><br>(Jointly Administered) |
| CHARLES MUSZYNSKI,<br><br>Appellant,<br><br>v.<br><br>GEORGE MILLER, *solely in his capacity as Chapter 7 Trustee*,<br><br>Appellee. | Civil Action No. 25-cv-00052-GBW |

**APPELLEE'S MOTION TO DISMISS APPEAL**

    George L. Miller, in his capacity as Chapter 7 Trustee (the "Trustee" or "Appellee") for the estates (the "Estates") of the above-captioned debtors, Chicken Soup for the Soul Entertainment Inc., *et al.* (the "Debtors"), pursuant to Rules 8004 and 8014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby moves for this Court to dismiss the above-captioned appeal filed by Charles Muszynski ("Muszynski" or "Appellant") because: (i) it

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment, Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

is an appeal of an interlocutory order made without leave of this Court; and (ii) there is no basis for this Court to grant Mr. Muszynski leave to appeal such interlocutory order. In support of this motion (the "<u>Motion</u>"), the Trustee respectfully states as follows:

## BACKGROUND

1. On June 29, 2024 (the "<u>Petition Date</u>"), the Debtors filed voluntary Chapter 11 petitions for relief under 11 U.S.C. § 101 et seq. (the "<u>Bankruptcy Code</u>"), thereby commencing the above-captioned bankruptcy cases (the "<u>Bankruptcy Cases</u>") in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>").

2. On July 10, 2024, the Court entered an *Order Converting Cases from Chapter 11 to Chapter 7 of the Bankruptcy Code and Granting Related Relief* [D.I. 120] (the "<u>Conversion Order</u>"). In the Conversion Order, the Court ordered conversion of the Debtors' bankruptcy cases to chapter 7 of the Bankruptcy Code, effective as of July 10, 2024.

3. On July 11, 2024, the United States Trustee for Regions 3 and 9 appointed the Trustee as the chapter 7 trustee of the Estates.

4. Prior to the Petition Date, the Debtors provided premium entertainment content to value-conscious consumers. The Debtors comprised one of the largest advertising-supported video-on-demand companies in the United States, with three flagship streaming services: *Redbox*, *Crackle*, and *Chicken Soup for the Soul*. In addition, through Debtor Redbox Automated Retail LLC, the Debtors operated (i) Redbox Free Live TV, a free ad-supported streaming television service with approximately 180 channels, (ii) a transaction video-on-demand service, and (iii) a network of approximately 24,000 kiosks across the United States for DVD rentals.

LEGAL\75431932\3 6010823/00617521

5.  Prior to the Petition Date, the Debtor Screen Media Ventures, LLC ("Screen Media") retained Culpepper IP, LLLC (the "Culpepper Firm") to pursue copyright infringement litigation against various internet service providers. As of the Petition Date, the Culpepper Firm continued to represent Screen Media in certain pending actions (the "Pending Litigation"):

   a. a contested proceeding over a proof of claim filed in *In re: Frontier Communications Corp. et al.*, Case No. 20-22476(MG) (Bankr. Court Southern District of NY) and a related ancillary proceeding: *In re: subpoena to Reddit, Inc.*, Case no. 24-3893 (Ninth Cir.), Case no. 24-80005-JD (ND Cal); and

   b. judgment enforcement litigation against Charles Muszynski et al. in: (i) *In re: Charles Muszynski*, Case No. 23-0-2870 (MCF) (Bankr. D.P.R.); (ii)*Muszynski v. Millennium Funding, Inc., et al.*, Case No. 24-11 (1st Cir. B.A.P.); (iii) Millennium Funding, Inc., et al. v. 1701 Management LLC, et al., 21-cv-20861 (S.D. Fla.); (iv) Millennium Funding, Inc., et al. v. AUH2O, LLC, et al., Claim No. NEVHCV2022/0183 (Eastern Caribbean Supreme Court in The High Court of Justice St. Christopher And Nevis, Nevis Circuit); and (v) all other proceedings related to enforcement of the S.D. Fla. Judgment.

6.  On December 6, 2024, the Trustee filed in the Bankruptcy Court the *Trustee's Application for Approval of Retention of Culpepper IP, LLLC as Special Copyright Litigation Counsel and for Related Relief* [D.I. 508] (the "Retention Application"), seeking, pursuant to 11 U.S.C. § 327(e), to retain the Culpepper Firm to represent the Trustee in the Pending Litigation, as well as other copyright infringement litigation that the Trustee may request that the Culpepper Firm pursue (collectively, the "Copyright Litigation Services").

7.  On December 26, 2024, Mr. Muszynski filed an *Objection to Trustee's Engagement of Special Counsel, Request for Disqualification of Culpepper IP, LLLC Pursuant to 105, 327(e), and 328(a) Request for Sanctions* [D.I. 524] (the "Objection"). Mr. Muszynski is not a creditor of the Debtors, and not a party in interest in the Bankruptcy Cases. His only relationship with the Bankruptcy Cases is that he himself is indebted to the Debtors pursuant to

3

the judgment referenced *supra* in paragraph 5(b). *See* D.I. 5-1, Hrg. Tr. Jan. 8, 2025 (hereinafter "Hrg. Tr."), at 8:4 – 8:5 ("The Court: Well, you're not currently a creditor, Mr. Muszynski.").

8. In his Objection, Mr. Muszynski raised numerous unsubstantiated allegations about the Culpepper Firm and an attorney therewith, Kerry Culpepper, who—through the Pending Litigation—is seeking to enforce Screen Media's judgment against Mr. Muszynski and entities in his direct or indirect control. The Objection included far-fetched allegations of actions of the Culpepper Firm, including, for example: "barratry with a third-party litigation funding partner located in the Republic of Cyprus with ties to sovereign Chinese investment, convicted German Criminals, and Philippine money laundering[,] . . . . willful conceal[ment] [] in which he has defrauded multiple courts[,] . . . . [and] initiating federal copyright trolling claims to 'legally' extort subscriber lists from ISPs, VPNs, and related U.S. IT infrastructure providers on behalf of and funded by dark money through nominee directors in Cyprus." *See* Objection, at ¶¶ 1, 7.

9. At a hearing on the Retention Application held on January 8, 2025, both the Trustee, through counsel, and Mr. Muszynski, *pro se*, had an opportunity to argue before the Bankruptcy Court. Aside from noting that the Objection was baseless and largely incomprehensible, the Trustee advised the Bankruptcy Court that, as a judgment debtor, Mr. Muszynski is not a creditor of the Debtors, and not a party in interest in the Bankruptcy Cases, and therefore lacks standing to challenge the Trustee's proposed retention on behalf of the Estates. Hrg. Tr. at 7:17 – 8:13.

10. The Bankruptcy Court asked Mr. Culpepper numerous questions, touching on the litigation against Mr. Muszynski and other issues raised by Mr. Muszynski that bear on the propriety of the retention of the Culpepper Firm by the Trustee, and allowed Mr. Muszynski an

opportunity to ask Mr. Culpepper questions bearing on potential conflicts of interest. Hrg. Tr. 8:18 – 21:14. Ultimately, the Bankruptcy Court approved the retention of the Culpepper Firm, finding that there were no conflicts of interest, and the terms of the retention were appropriate. Hrg. Tr. 22:6 – 23:3.

11. On January 14, 2025, the Bankruptcy Court entered an *Order Granting Trustee's Application for Approval of Retention of Culpepper IP, LLLC as Special Copyright Litigation Counsel and for Related Relief* [Bankr. D.I. 547] (the "Retention Order"), overruling the Objection and granting the Retention Application.

12. On the same day, Mr. Muszynski filed his Notice of Appeal [Bankr. D.I. 540; D.I. 2] commencing the above-captioned appeal (the "Appeal") of the Retention Order in the United States District Court for the District of Delaware (the "Court").

**ARGUMENT**

13. The Retention Order is an interlocutory order. *See Milic v. McCarthy*, 469 F.Supp.3d 580 (E.D. Va. 2020) (citing *In re Minh vu Hoang*, 473 F. App'x 263 (4th Cir. 2012)). This Court has jurisdiction to hear appeals "from interlocutory orders and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges[.]" 28 U.S.C. § 158(a)(3). *See also In re Culp*, 550 B.R. 683, 691 (D. Del. 2015).

14. Appeals of interlocutory orders of a bankruptcy court are governed by Bankruptcy Rule 8004. Pursuant to Bankruptcy Rule 8004(a)(2), to appeal from an interlocutory order of a bankruptcy court, the appellant must file both a notice of appeal and a motion for leave to appeal, which includes: "(A) the facts needed to understand the question presented; (B) the question itself; (C) the relief sought; (D) the reasons why leave to appeal should be granted; and (E) a

copy of the interlocutory order or decree and any related opinion or memorandum." *See* Fed. R. Bankr. P. 8004(a)(2) & (b).

15. If an appellant fails to include a motion for leave to appeal with its notice of appeal, the District Court may: "(1) treat the notice of appeal as a motion for leave to appeal and grant or deny it; or (2) order the appellant to file a motion for leave to appeal within 14 days after the order has been entered—unless the order provides otherwise." Fed. R. Bankr. P. 8004(d).

16. Section 158(a) does not identify the proper standard for this Court to use in deciding to grant an interlocutory appeal, but this Court has typically followed the standards set forth under 28 U.S.C. § 1292(b), which governs whether an appeal of a district court's interlocutory order to a court of appeals is warranted. *See Mata v. Eclipse Aerospace, Inc. (In re AE Liquidation, Inc.)*, 451 B.R. 343, 346 (D. Del. 2011) (citing *In re Semcrude, L.P.*, 2010 WL 4537921, at *2 (D. Del. Oct. 26, 2010); *In re Philadelphia Newspapers, LLC*, 418 B.R. 548, 556 (E.D. Pa. 2009); *Bertoli v. D'Avella (In re Bertoli)*, 812 F.2d 136, 139 (3d Cir. 1987)); *In re Culp*, 550 B.R. at 694.

17. Pursuant to Section 1292(b), "an interlocutory appeal is permitted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for a difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation." *In re AE Liquidation, Inc.*, 451 B.R. at 346 (citing 28 U.S.C. § 1292(b); *In re Culp*, 550 B.R. at 694; *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)).

18. This Court should only hear an appeal of an interlocutory order of the Bankruptcy Court if an appellant "establishes [that] exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Culp*, 550 B.R.

694-95 (citing *In re Del. And Hudson Ry. Co.*, 96 B.R. 469, 473 (D. Del. 1989), *affd*, 884 F.2d 1383 (3d Cir. 1989)).

19.     As a preliminary matter, just as Mr. Muszynski lacked standing to object to the Trustee's retention of the Culpepper Firm, he lacks standing to appeal the Bankruptcy Court order overruling his objection and approving the retention.  Also, it should be noted that § 327 (c) of the Bankruptcy Code under which the Culpepper Firm is being employed provides that a person is not disqualified from employment by the Trustee solely because of representation of a creditor unless there is an objection by the Office of the United States Trustee or another creditor.  In the instant case, there was no objection to employment of the Culpepper Firm by the Office of the United States Trustee or a creditor.

20.     Standing to appeal an order entered by a Bankruptcy Court is limited to "persons aggrieved" by such order. *In re Combustion Engineering, Inc.*, 391 F.3d 190, 214 (3d Cir. 2004). "Originally set forth in the Bankruptcy Act of 1898, the 'persons aggrieved' test now exists as a prudential standing requirement that limits bankruptcy appeals to persons 'whose rights or interests are 'directly and adversely affected pecuniarily' by an order or decree of the bankruptcy court.'" *Id. See also In re Cult Awareness Network, Inc.*, 151 F.3d 605 (7th Cir. 1998) ("To have standing to object to a bankruptcy order, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings. Only those persons affected pecuniarily by a bankruptcy order have standing to appeal that order."). The Third Circuit denies appellate standing even to persons who "may be exposed to some potential harm incident to the bankruptcy court's order" if they are not "'directly affected by that order.'" *Id.* at 215 (citing *Travelers Ins. Co. v. H.K. Porter Co.,* 45 F.3d 737, 741 (3d Cir.1995)).

21.     Mr. Muszynski is not directly affected by the Retention Order. The only apparent potential harm to Mr. Muszynski stemming from the Retention Order is that the Culpepper Firm will continue to prosecute the Debtors' causes of action against Mr. Muszynski and attempt to recover on the judgment against Mr. Muszynski for the benefit of the Debtors' Estates. There is no pecuniary harm to Mr. Muszynski from this particular retention; any special counsel hired by the Trustee to handle the Copyright Litigation Services will litigate these causes of action against Mr. Muszynski.

22.     However, even setting aside Mr. Muszynski's lack of standing to file this appeal of the Retention Order, this Court should dismiss his interlocutory appeal because the appeal does not meet the standards for an appeal of an interlocutory order set forth in 28 U.S.C. § 1292(b).

23.     First, the Retention Order does not involve a controlling question of law. Rather, it turns on the particular facts of the case, as developed in the Retention Application and on the record of the hearing held in the Bankruptcy Court on January 8, 2025.

24.     Bankruptcy courts have broad discretion to approve a Trustee's proposed retention of professionals on behalf of a bankruptcy estate. *See Milic*, 469 F.Supp.3d at 582 (citing *In re Harold & Williams Dev't Co.*, 977 F.2d 906, 909 (4th Cir. 1992); *In re Martin*, 817 F.2d 175, 182 (1st Cir. 1987)).

25.     The Culpepper Firm was retained as special counsel to perform the Copyright Litigation Services pursuant to 11 U.S.C. § 327(e), which allows the Trustee, with the approval of the Bankruptcy Court, to employ, for a specified special purpose, an attorney that has represented the debtor "if it is in the best interest of the estate, and if such attorney does not

represent or hold any interest adverse to the debtor or estate with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

26. Section 1292, which serves as the guide for district courts reviewing appeals from interlocutory orders of bankruptcy courts, "does not permit interlocutory appeal of such factual determinations." *Milic*, 469 F.Supp.3d at 582. *(citing Coopers & Lybrand v. Livesay*, 437 U.S. 463, 477 n. 30 (1978) (holding that interlocutory appeals from discretionary orders that "turn on the facts of the individual case" are "plainly inconsistent with the policies promoted by § 1292(b)"), *superseded by statute on other grounds*). *See also In re AE Liquidation*, 451 B.R. at 347-48 (holding, in relevant part, that the underlying orders appealed required fact-intensive inquiries, and appellant had not demonstrated that the appeal involved a controlling question of law).

27. As for the second prong of the Section 1292(b) analysis, Mr. Muszynski has not demonstrated that there are any substantial grounds for a difference of opinion regarding the propriety of the Trustee's retention of the Culpepper Firm. Nothing in his Notice of Appeal—or even his underlying Objection to the Retention Application—demonstrate a real, let alone substantial basis for denying the Retention Application. Muszynski's "mere disagreement" with the Bankruptcy Court's ruling is not a substantial ground for difference of opinion that justifies this Court granting him leave to appeal the Retention Order. *See In re AE Liquidation*, 451 B.R. at 348 (citing *In re Dwek*, 2011 WL 487582, at *4 (D.N.J. Feb. 4, 2011); *In re Semcrude*, 2010 WL 4537921, at *3 (D. Del. Oct. 26, 2010)).

28. Finally, Mr. Muszynski's appeal also fails the third prong of the Section 1292(b) analysis. Further review of the Trustee's retention of the Culpepper Firm will only delay resolution of the Debtors' bankruptcy cases, and will delay the Trustee's ability to litigate and

recover much needed assets in the Pending Litigation, as well as other copyright infringement causes of action that the Debtors may now have or may have during the pendency of the Debtors' bankruptcy proceedings.

29. Because Mr. Muszynski has neither properly sought leave to appeal the Bankruptcy Court's interlocutory Retention Order, nor demonstrated sufficient justification for such an interlocutory appeal to be permitted, this Court should dismiss this Appeal. The Appeal is simply a blatant attempt by a judgment debtor owing money to the Estates to delay the Trustee's efforts on behalf of the Estates to enforce and collect on the monetary judgment against Mr. Muszynski.

## CONCLUSION

For the reasons set forth herein, the Trustee respectfully requests that this Court dismiss Mr. Muszynski's Appeal of the Retention Order.

Dated: February 21, 2025  
Wilmington, Delaware

COZEN O'CONNOR

By:  */s/ John T. Carroll, III*  
John T. Carroll, III (DE No. 4060)  
Marla S. Benedek (DE No. 6638)  
1201 N. Market Street  
Suite 1001  
Wilmington, DE 19801  
(302) 295-2028 Phone  
(302) 295-2013 Fax No.  
jcarroll@cozen.com  
mbenedek@cozen.com

*Counsel to Appellee, George L. Miller, Chapter 7 Trustee for the Estates of Chicken Soup for the Soul Entertainment Inc., et al.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL ENTERTAINMENT INC., *et al*<br><br>Debtors. | Chapter 7<br>Bankruptcy Case No. 24-11442-MFW<br>Bankr. BAP No. 25-0003<br><br>(Jointly Administered) |
| CHARLES MUSZYNSKI,<br><br>Appellant,<br><br>v.<br><br>GEORGE MILLER, *solely in his capacity as Chapter 7 Trustee*,<br><br>Appellee. | Civil Action No. 25-cv-00052-GBW |

## CERTIFICATE OF SERVICE

I, John T. Carroll, III, hereby certify that on February 21, 2025 a copy of the foregoing *Appellee's Motion to Dismiss Appeal* was filed and served via electronic notification through the Electronic Case Filing System (CM/ECF) for the United States District Court for the District of Delaware on all parties registered in this case.

I further certify that on February 21, 2025 I caused a copy of the foregoing *Appellee's Motion to Dismiss Appeal* to be served via electronic mail and also via U.S. First Class Mail on the following:

**Appellant**
Charles Muszynski
P.O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies
usfilefolder@protonmail.com

1

LEGAL\75431932\3 6010823/00617521

Dated: February 21, 2025
       Wilmington, Delaware

COZEN O'CONNOR

By:   */s/ John T. Carroll, III*
John T. Carroll, III (DE No. 4060)
Marla S. Benedek (DE No. 6638)
1201 N. Market Street
Suite 1001
Wilmington, DE 19801
(302) 295-2028 Phone
(302) 295-2013 Fax No.
jcarroll@cozen.com
mbenedek@cozen.com

*Counsel to Appellee, George L. Miller, Chapter 7 Trustee for the Estates of Chicken Soup for the Soul Entertainment Inc., et al.*

2