**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>CHICKEN SOUP FOR THE SOUL<br>ENTERTAINMENT INC., *et al* [1]<br><br>    Debtors. | Chapter 7<br>Bankruptcy Case No. 24-11442-MFW<br>Bankr. BAP No. 25-0003<br><br>(Jointly Administered) |
| CHARLES MUSZYNSKI,<br><br>    Appellant,<br><br>    v.<br><br>GEORGE MILLER, *solely in his capacity as*<br>*Chapter 7 Trustee,*<br><br>    Appellee. | Civil Action No. 25-cv-00052-GBW |

**<u>APPELLEE'S REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL</u>**

George L. Miller, in his capacity as Chapter 7 Trustee (the "<u>Trustee</u>" or "<u>Appellee</u>") for

the estates (the "<u>Estates</u>") of the above-captioned debtors, Chicken Soup for the Soul

Entertainment Inc., *et al.* (the "<u>Debtors</u>"),  hereby submits this reply (the "<u>Reply</u>") in support of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (where applicable), are: 757 Film Acquisition LLC (4300); Chicken Soup for the Soul Entertainment, Inc. (0811); Chicken Soup for the Soul Studios, LLC (9993); Chicken Soup for the Soul Television Group, LLC; Crackle Plus, LLC (9379); CSS AVOD Inc. (4038); CSSESIG, LLC (7150); Digital Media Enterprises LLC; Halcyon Studios, LLC (3312); Halcyon Television, LLC (9873); Landmark Studio Group LLC (3671); Locomotive Global, Inc. (2094); Pivotshare, Inc. (2165); RB Second Merger Sub LLC (0754); Redbox Automated Retail, LLC (0436); Redbox Entertainment, LLC (7085); Redbox Holdings, LLC (7338); Redbox Incentives LLC (1123); Redwood Intermediate, LLC (2733); Screen Media Films, LLC; Screen Media Ventures, LLC (2466); and TOFG LLC (0508). The Debtors' corporate headquarters and service address is 132 East Putnam Avenue, Floor 2W, Cos Cob, CT 06807.

his motion (the "Motion")[2] to dismiss the above-captioned appeal filed by Charles Muszynski ("Muszynski" or "Appellant"), pursuant to Rules 8004 and 8014 of the Bankruptcy Rules, because: (i) it is an appeal of an interlocutory order made without leave of this Court; (ii) there is no basis for this Court to grant Mr. Muszynski leave to appeal such interlocutory order; and (iii) Mr. Muszynski did not have standing to object to the Trustee's Retention Application or to appeal the Bankruptcy Court's approval of the Retention Application.  In support of his Motion and in response to *Appellant's Reply to Appellee's Motion to Dismiss Appeal* [D.I. 9], the "Appellant's Response"), the Trustee respectfully states as follows:

## ARGUMENT

The present appeal should be dismissed because Mr. Muszynski lacks both standing and legal basis to seek relief from an interlocutory order entered by the Bankruptcy Court in the Debtors' Chapter 7 cases.

A. The Retention Order is an Interlocutory Order.

1.    The Retention Order is an interlocutory order.  *See Milic v. McCarthy*, 469 F.Supp.3d 580 (E.D. Va. 2020) (holding that an appeal of a bankruptcy court order approving a chapter 7 trustee's retention of a real estate broker and auctioneer was an appeal of an interlocutory order); *In re Minh vu Hoang*, 473 F. App'x 263 (4th Cir. 2012) (affirming the district court's dismissal of appellant's appeal of the bankruptcy court's approval of a chapter 7 trustee's retention forensic accountants as interlocutory); *In re Union Home and Industrial, Inc.*, 376 B.R. 298, 301-02 (10th Cir. B.A.P. 2007) (holding that orders of a bankruptcy court approving retention of counsel "are purely interlocutory").  As explained by the Tenth Circuit

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Bankruptcy Appellate Panel, bankruptcy court orders approving retention of counsel "do not conclusively determine any issues under §§ 327 or 330, because a professional may always be removed or replaced during the course of a bankruptcy, and interim fee awards are subject to modification and possibly forfeiture." *In re Union Home and Industrial, Inc.*, 376 B.R. at 302.

2.    Mr. Muszynski's cited authority for the proposition that such orders are final are inapposite. *See* Appellant's Response, at 5 (citing *In re BH & P, Inc.*, 949 F.2d 1300 (3d Cir. 1991) (holding that an order granting a disqualification motion was a final order); *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99 (3d Cir. 1988) (holding that an order approving the retention of a broker *nunc pro tunc* after the broker's work was completed was a final order); *Committee of Dalkon Shield Claimants v. A.H. Robins Co.*, 828 F.2d 239 (4th Cir. 1987) (holding that an order denying an unsecured creditors committee's motion for appointment of a chapter 11 trustee under section 1104 of the Bankruptcy Code was a final order); *In re Kurtzman*, 194 F.3d 54 (2d Cir. 1999) (relating to appeal of bankruptcy court's denial of retention application). These cited cases plainly relate to different types of underlying orders from the one at issue here. The Tenth Circuit Bankruptcy Appellate Panel explains why the types of orders at issue in the cases cited by Mr. Muszynski are deemed final:

> On the other end of the spectrum are orders that either deny a professional's employment outright, or fix a final fee award in a given case. These orders are final and would be subject to immediate review, because they conclusively determine whether a professional will even participate in a given case, or how much compensation that professional is ultimately awarded.

*In re Union Home and Industrial, Inc.*, 376 B.R. at 302 (citing, among other cases, the Third Circuit's ruling in *In re BH & P, Inc.*. 949 F.2d at 1307)). *See also In re Royal Manor Mgmt, Inc.*, 525 B.R. 338 , 345 (6th Cir. B.A.P. 2015) (accord).

3.      Notably, Mr. Muszynski cites extensively to the Second Circuit's ruling *In re Palm Coast, Matanza Shores Ltd.*, 101 F.3d 253, 255 (2d Cir. 1996), erroneously representing that the case was issued by the Third Circuit when, in truth, it holds no precedential authority in this Court.  *See* Appellant's Response, at 6-9.[3]

4.      This Court has jurisdiction to hear appeals "from interlocutory orders and decrees of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges[.]" 28 U.S.C. § 158(a)(3). *See also In re Culp*, 550 B.R. 683, 691 (D. Del. 2015). Because the Retention Order was an interlocutory order, the present appeal is governed by Bankruptcy Rule 8004(a)(2)&(b), which requires an appellant to file both a notice of appeal and a motion for leave to appeal. The Appellant failed to file a motion for leave to appeal, and this alone justifies dismissal of the present appeal.

5.      However, even if this Court were to set aside the fact that Mr. Muszynski neglected to move for leave to appeal the Retention Order and deem his notice of appeal as a motion for leave to appeal under Bankruptcy Rule 8004(d), this appeal should be dismissed for Mr. Muszynski's failure to demonstrate that an interlocutory appeal is warranted pursuant to 28 U.S.C. § 1292(b), as applied to interlocutory appeals of bankruptcy court orders under section

---

[3] Mr. Muszynski does cite one case in which the Third Circuit—without discussion or explanation—held that an order approving, under section 327(a), a chapter 11 debtor's retention of primary bankruptcy counsel, who had received substantial preferential payments prior to the filing of the bankruptcy cases, and thus had actual conflicts of interest disqualifying it from serving as counsel for the debtor, was a final order that could be appealed by the United States Trustee,  *See In re First Jersey Securities, Inc.*, 180 F.3d 504, 506-08 (3d Cir. 1999). As the Third Circuit has explained, sections 327(a) and (c) of the Bankruptcy Code mandate disqualification when there is an actual conflict of interest. *See In re First Jersey Securities, Inc.*, 180 F.3d at 509. This case can be distinguished because it involves a retention under 327(e) of the Bankruptcy Code, and no actual interest adverse to the Debtors or their Estates has been demonstrated by the Appellant. Moreover, the dispute on appeal would have been about proper application of the law as opposed to a factual determination made by the Bankruptcy Court.

LEGAL\76199893\1 6010823/00617521

158(a).  *See Mata v. Eclipse Aerospace, Inc. (In re AE Liquidation, Inc.)*, 451 B.R. 343, 346 (D. Del. 2011) (citing *In re Semcrude, L.P.*, 2010 WL 4537921, at *2 (D. Del. Oct. 26, 2010); *In re Philadelphia Newspapers, LLC*, 418 B.R. 548, 556 (E.D. Pa. 2009); *Bertoli v. D'Avella (In re Bertoli)*, 812 F.2d 136, 139 (3d Cir. 1987)); *In re Culp*, 550 B.R. at 694.

6.      Pursuant to Section 1292(b), "an interlocutory appeal is permitted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for a difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation."  *In re AE Liquidation, Inc.*, 451 B.R. at 346 (citing 28 U.S.C. § 1292(b); *In re Culp*, 550 B.R. at 694; *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)).

7.      As addressed in the Trustee's Motion, Mr. Muszynski's  appeal does not meet the standards for an appeal of an interlocutory order set forth in 28 U.S.C. § 1292(b). The Retention Order does not involve a controlling question of law, but rather turns on the particular facts of the case, as developed in the Retention Application and on the record of the hearing held in the Bankruptcy Court on January 8, 2025.  There is no substantial grounds for a difference of opinion regarding the propriety of the Trustee's retention of the Culpepper Firm that justifies this Court granting Mr. Muszynski leave to appeal the Retention Order. Finally, further review of the Trustee's retention of the Culpepper Firm will only delay resolution of the Debtors' bankruptcy cases, and will delay the Trustee's ability to litigate and recover much needed assets in the Pending Litigation, as well as other copyright infringement causes of action that the Debtors may now have or may have during the pendency of the Debtors' bankruptcy proceedings. In short, every prong of the 28 U.S.C. § 1292(b) analysis permitting the appeal of interlocutory orders is not met in this case.

8.      Because Mr. Muszynski has neither properly sought leave to appeal the Bankruptcy Court's interlocutory Retention Order, nor demonstrated sufficient justification for such an interlocutory appeal to be permitted, this Court should dismiss this Appeal.

**B.  <u>The Appellant Lacked Standing to Object to the Retention Application and Lacks Standing to Bring this Appeal.</u>**

9.      Mr. Muszynski asserts that the Trustee has contested his standing to object to the Retention Application for the first time in this appeal. *See* Appellant's Response, at 8-9 (asserting that arguments raised for the first time on appeal should be deemed waived). This is false, as demonstrated by the transcript of the hearing on the Retention Application, attached by Mr. Muszynski to his Notice of Appeal, in which: (a) the Trustee, through counsel, indicated that Mr. Muszynski lacked standing, as he was neither a creditor nor a party in interest;[4] (b) Mr. Muszynski admitted that the Trustee was correct;[5] and (c) the Bankruptcy Court agreed with the Trustee.[6]

10.     Just as Mr. Muszynski lacked standing to object to the Trustee's retention of the Culpepper Firm, he lacks standing to appeal the Bankruptcy Court order overruling his objection and approving the retention.

11.     Standing to appeal an order entered by a Bankruptcy Court is limited to "persons aggrieved" by such order. *In re Combustion Engineering, Inc.*, 391 F.3d 190, 214 (3d Cir. 2004). "Persons aggrieved" are persons with direct pecuniary interests in the outcome of the bankruptcy

---

[4] *See* D.I. 5-1, Hrg. Tr. Jan. 8, 2025, 7:17-7:24 ("Your Honor, I've parsed through pretty carefully the objection, and candidly I think that it's not really comprehensible, nor does it make sense. He is not a creditor, nor is he a party in interest.").

[5] *See* Hrg. Tr. 8:4-8:6 ("And I should also say I may not be a creditor of the estate yet, but when he presses the case in Nevis and it loses, they lose, I will become a creditor.").

[6] *see* Hrg. Tr. 8:10-8:12 ("Well, you're not currently a creditor, Mr. Muszynski. You have no claim against the estate that's been confirmed by any court or by this Court.").

proceedings. *Id. See also In re Cult Awareness Network, Inc.*, 151 F.3d 605 (7th Cir. 1998).  The

Third Circuit denies appellate standing even to persons who "may be exposed to some potential

harm incident to the bankruptcy court's order" if they are not "'directly affected by that order.'"

*Id.* at 215 (citing *Travelers Ins. Co. v. H.K. Porter Co.,* 45 F.3d 737, 741 (3d Cir.1995)).

12.    As stated in the Motion, Mr. Muszynski is not directly affected by the Retention

Order and has no pecuniary interest in the outcome of the bankruptcy proceedings. The only

apparent potential harm to Mr. Muszynski stemming from the Retention Order is that the

Culpepper Firm will continue to prosecute the Debtors' causes of action against Mr. Muszynski

and attempt to recover on the judgment against Mr. Muszynski for the benefit of the Debtors'

Estates. There is no pecuniary harm to Mr. Muszynski from this particular retention; any special

counsel hired by the Trustee to handle the Copyright Litigation Services will litigate these causes

of action against Mr. Muszynski.

## CONCLUSION

For the reasons set forth herein, the Trustee respectfully requests that this Court dismiss Mr. Muszynski's Appeal of the Retention Order.

Dated:  March 11, 2025                              COZEN O'CONNOR
       Wilmington, Delaware

By:   */s/  John T. Carroll, III*
     John T. Carroll, III (DE No. 4060)
     Marla S. Benedek (DE No. 6638)
     1201 N. Market Street
     Suite 1001
     Wilmington, DE  19801
     (302) 295-2028 Phone
     (302) 295-2013 Fax No.
     jcarroll@cozen.com
     mbenedek@cozen.com

     *Counsel to Appellee, George L. Miller,*
     *Chapter 7 Trustee for the Estates of*
     *Chicken Soup for the Soul*
     *Entertainment Inc., et al.*

LEGAL\76199893\1 6010823/00617521