IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| CHICKEN SOUP FOR THE SOUL | ) | Chapter 7 |
| ENTERTAINMENT, INC., et al., | ) | Bankruptcy Case No. 24-11442-MFW |
| | ) | Bankr. BAP No. 25-0003 |
| Debtors. | ) | |
| | ) | |
| CHARLES MUSZYNSKI, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-0052-GBW |
| | ) | |
| CHAPTER 7 TRUSTEE GEORGE | ) | |
| MILLER, | ) | |
| | ) | |
| Appellee. | ) | |

**APPELLANT'S MOTION TO STRIKE
APPELLEE'S REPLY IN SUPPORT OF MOTION TO DISMISS APPEAL**

**TO THE HONORABLE COURT:**

1. Now comes Charles Muszynski, pro se, an admitted and unobjected party in interest and responds and Moves to strike "Appellee's Reply In Support Of Motion To Dismiss Appeal" filed by Ch. 7 Trustee, George Miller, ("Trustee" or "Appellee") for Estates of Chicken Soup For The Soul Entertainment Inc., ("CSSE"), et al., and Screen Media Ventures, LLC ("SMV").

2. Appellant has endeavored to comply with local and FRCP rules. Pleadings of pro se litigants are to be construed liberally, such pleadings, "however inartfully pleaded" are held to less stringent standards than formal pleadings drafted by lawyers. Appellant is

cognizant of and respects the Court's dignity and authority and has, best as possible, properly prepared and presented his arguments research, see Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 774*774 L.Ed.2d 652 (1972); United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003).

3. Appellant's Reply To Appellee's Motion To Dismiss was hand delivered to the Court Clerk's office and docketed at 3:43 p.m. EST on 28 February 2025 as shown:



**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

In re:
CHICKEN SOUP FOR THE SOUL ENTERTAINMENT, INC., et al.,
    Debtors.

Chapter 7
Bankruptcy Case No. 24-11442-MFW
Bankr. BAP No. 25-0003

CHARLES MUSZYNSKI,
    Appellant,
v.
CHAPTER 7 TRUSTEE GEORGE MILLER,
    Appellee.

Civil Action No. 25-0052-GBW

**APPELLANT'S REPLY TO APPELLEE'S MOTION TO DISMISS APPEAL**

4. Pro se Appellant has strived to comply with and has been held to high standards, including filing of his Reply to Appellee's Moton To Dismiss as proscribed in FRBP:

> 111     FEDERAL RULES OF BANKRUPTCY PROCEDURE     **Rule 8013**
>
> **Rule 8013. Motions; Interventions**
>   (a) CONTENT OF A MOTION; RESPONSE; REPLY.
>     (3) *Response and Reply; Time to File.* Unless the district court or BAP orders otherwise:
>       (A) any party to the appeal may—within 7 days after the motion is served—file a response to the motion; and
>       (B) the movant may—within 7 days after the response is served—file a reply that addresses only matters raised in the response.

5. Appellee is an experienced Trustee and CPA represented by an equally tenured and

experienced lawyer. Despite both unquestionably understanding minimum prerequisites for a timely reply pursuant to Rule 8013 they filed without requesting an extension, banking on pro se litigant remaining ignorant of their underhanded attempt to subvert the seven (7) day requirement and the likelihood Appellee would argue that, since pro se litigant is denied the equitable ability to file through PACER, Appellee should be permitted to flout filing deadlines because of the pro se's handicapped presence.

6. Appellee did not request leave to file after expiration of the 7 March 2025 deadline for filing and, without leave, did so four days later on 11 March 2025 in Doc. #10.

7. Appellee continues underhanded litigation tactics like sandbagging the Appellant seventeen (17) hours prior to the 8 January 2025 hearing (evening prior) to deny Appellant opportunity to both object to Appellee's 11th hour introduction of Kerry S. Culpepper's ("Culpepper") unsworn statements (purportedly "testimony"), and to deny Appellant's preparation for effective examination, under oath, of Culpepper. Appellee's actions prevented Appellant from explaining to the Court the filing it clearly failed to read outlining why Culpepper's engagement does not benefit the Estates, how his admitted criminality damages the Estates, why hundreds of thousands of dollars are going to be required from the Estates now joined in the Nevis litigation (which cannot be unwound nor disclaimed as the litigation proceeded the ch. 7), and Appellee prevented the Court hearing ventilation of Culpepper's purported qualification as a "Special Counsel for copyright litigation services" and from seeing that Culpepper's barratrous copyright trolling through DMCA and 512 subpoenas fails proving Culpepper's qualification as a collection lawyer given four years of utter failure to collect anything

while simultaneously creating hundreds of thousands of dollars in new exposure for the Estates in litigation bond deposit requirements in the Federation of St. Christopher and Nevis by joining the Estates with his co-conspirators' criminality – not to mention the impending civil damage claims forthcoming.

8. Appellee continues to conspire with Culpepper and co-conspirators to conceal their fee-splitting, Third Party Litigation Funding ("TPLF") scam run by Benjamin Perino through PML Process Management Limited in the Republic of Cyprus, reprising Perino's scams after Prenda Law's lawyers' federal incarcerations.

9. Appellee improperly raises for the first time new arguments besides adding to and repeating already disputed and incorrect claims Appellant lacks standing, banking that, as the Reply to the Motion was submitted by a board certified lawyer against a pro se litigant, the Court will look the other way and ignore Appellee's failure to timely file.

## CONCLUSION

10. For the foregoing reasons, Appellant respectfully requests the Court strike Appellee's improper and untimely Motion to Dismiss from the record and apply any sanctions the Court determines proper and applicable for Appellee's continued waste of judicial resources and vexatious, frivolous filings.

11. Conservation of court resources, proven extraordinary circumstances, and the need to protect the Estates' assets favor denying Appellee's Dismissal since, if the issues being appealed continue to be ignored, unfolding events will require Court to unwind the Trustee's informed and improper actions at significant and easily foreseeable expense to the Estates.

12. Third Circuit law <u>requires</u> an estate receive benefit from retaining a Special Counsel. Culpepper's court filings in S.D. Florida admits and prove his criminality, he admits his adverse pecuniary interests, admits representing scores of conflicted clients that have provided no required written waiver(s) (despite lying to the Court otherwise), has joined the Estates with open-ended liabilities, was allowed improper IOLTA payment, and within days his actions will require the Estates pay hundreds of thousands in litigation bond requirements into the Nevis Court thereby further cementing Appellant's standing. Culpepper's presence does not benefit the Estates, it further damages them.

Respectfully submitted,

12 March 2025

*[signature]*

Charles Muszynski, pro se
usfilefolder@protonmail.com
P. O. Box 1423
Basseterre
St. Kitts and Nevis
West Indies
424-333-0569